**PEBBLE LIMITED PARTNERSHIP,**
Appellant,

v.

**Sean PARNELL, Lt. Governor,
et al., Appellees.**

**Council of Alaska Producers, Appellant,**

v.

**Sean Parnell, Lt. Governor,
et al., Appellees.**

Nos. S–13059, S–13060.

Supreme Court of Alaska.

July 3, 2008.

Before: MATTHEWS, EASTAUGH, CARPENETI, and WINFREE, Justices.

## ORDER

In October 2007 an application for an initiative with the title "An Act to protect Alaska's clean water" was filed with the lieutenant governor ("07WTR3"). This was the third attempt to place an initiative on the ballot that would restrict or regulate the discharge of toxic materials from large scale metallic mineral mines in Alaska. The Department of Law reviewed 07WTR3 and advised the lieutenant governor to certify the initiative application. Relying on the Department of Law's advice, the lieutenant governor certified initiative 07WTR3. The lieutenant governor then prepared a summary and cost statement for the initiative that incorporated the Department of Law's interpretation. In January 2008 the sponsors of the initiative submitted to the lieutenant governor a petition with over 30,000 signatures in support of 07WTR3.

In November and December 2007 the Council of Alaska Producers, the Pebble Limited Partnership, and the Association of ANCSA Regional Corporation Presidents/CEO's, Inc. and the Alaska Federation of Natives, Inc., filed suit in the superior court seeking a declaration that 07WTR3 violated constitutional and statutory restrictions on legislation by initiative, and an injunction that would prevent placement of the initiative on the ballot. The sponsors of the initiative intervened in the action.

In February 2008 Superior Court Judge Douglas L. Blankenship issued a decision concluding that 07WTR3 was a permissible regulatory measure and not an appropriation and was therefore appropriate for the ballot. In concluding that 07WTR3 was not an appropriation, Judge Blankenship adopted the approach of the sponsors and the state and construed the references to "effects" in section two as meaning "adversely affects." Judge Blankenship found in his final judgment that (1) "07WTR3 is not an improper

appropriation;" (2) "07WTR3 [is] not local or special legislation;" (3) "[t]he subject matter of 07WTR3 is proper for an initiative;" (4) "07WTR3 does not constitute an unlawful amendment of the Alaska Constitution; and" (5) "[t]he bill summary and cost statement appearing on the 07WTR3 initiative petitions are not defective."

The Council of Alaska Producers and the Pebble Limited Partnership appealed those portions of Judge Blankenship's decision construing 07WTR3 and concluding that 07WTR3 would not make a constitutionally impermissible appropriation, would not enact constitutionally impermissible special legislation, and that the summary and cost statement are impartial and accurate. The Association of ANCSA Regional Corporation Presidents/CEO's, Inc. and the Alaska Federation of Natives, Inc. did not appeal any portion of Judge Blankenship's decision. We heard oral argument on June 16, 2008.

**IT IS ORDERED:**

1. Judge Blankenship did not err in construing the initiative broadly and reading the initiative's use of "effects" in section two to mean "adversely affects."

2. Judge Blankenship did not err in concluding that 07WTR3 would not make a constitutionally impermissible appropriation.

3. Judge Blankenship did not err in concluding that 07WTR3 would not enact constitutionally impermissible special legislation.

4. Judge Blankenship did not err in concluding that the summary and cost statements are not defective.

5. Accordingly, the decision of the superior court declining to enjoin the placement of initiative 07WTR3 on the ballot is AFFIRMED.

6. This court will issue a written opinion at a future date explaining the reasons for this result.

7. Preparation of the ballots including initiative 07WTR3 need not await publication of this court's opinion.

FABE, Chief Justice, not participating.